UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTGOMERY CARL AKERS,<br><br>    Plaintiff,<br><br>    v.<br><br>E. CHEN, et al.,<br><br>    Defendants. | Case No. 22-cv-05555 BLF (PR)<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF'S *IN FORMA PAUPERIS* STATUS SHOULD NOT BE REVOKED PURSUANT TO § 1915(G)** |

Plaintiff, a convicted and sentenced federal prisoner currently confined at the USP Marion in Illinois, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a state court judge and under *Bivens*[1] against a district court judge and several federal employees.[2] Dkt. No. 1 at 1, 4. Plaintiff was granted leave to proceed *in forma pauperis* in a separate order. Dkt. No. 9. The matter was reassigned to this Court on November 15, 2022. Dkt. Nos. 9, 10.

For the reasons discussed below, the Court has reason to believe that Plaintiff's IFP

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] *See infra* at 4.

status should be revoked under 28 U.S.C. § 1915(g) because he has three or more prior lawsuits that were dismissed for failure to state a cognizable claim or as frivolous or malicious. Plaintiff shall be granted an opportunity to show cause why the Court should not revoke his IFP status.

## DISCUSSION

I. **28 U.S.C. § 1915(g)**

    A. **Standard of Review**

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed *in forma pauperis*) "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Any dismissal for failure to state a claim, whether with or without prejudice, counts as a strike. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that the prisoner has filed many cases does not alone warrant dismissal of the present action under § 1915(g). *Id*. Rather, dismissal of an action under § 1915(g) should

2

only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

Plaintiff filed a previous action in this district: *Akers v. Siereveld*, Case No. 17-cv-03340-EMC (PR).[3] After a long procedural history, that matter was ultimately dismissed under § 1915(g) because Plaintiff had three or more prior cases that were dismissed as frivolous, malicious, or fails to state a claim upon which relief may be granted, and he was not under imminent danger of serious physical injury. *Id.*, Dkt. No. 21 at 3. The court identified seven prior dismissals that appeared to count as a strike under § 1915(g): (1) *Akers v. Poisson*, D. Maine Case No. 09- 0054-P-S (D. Me. Mar. 24, 2009) (dismissed for failure to state a claim); (2) *Akers v. Rokusek*, S.D. Cal. Case No. 09-0472 DMS (JMA) (S.D. Cal. Apr. 28, 2009) (dismissed as frivolous); (3) *Akers v. Martin*, D. Kan. Case No. 06-cv-03175 SAC (D. Kan. July 12, 2006) (dismissed for failure to state a claim); (4) *Akers v. Crow*, D. Kan. Case No. 09-cv-03037-RDR (D. Kan. Mar. 2, 2009 (dismissed for failure to state a claim and as frivolous); (5) *Akers v. Keszei*, D. N.H. Case No. 08-cv-334 JL (D. N.H. Apr. 16, 2009 (dismissed for failure to state a claim); (6) *Akers v. Watts*, D. D.C. Case No. 08-140 EGS (D. D.C. Sept. 24, 2010) (dismissed for failure to state a claim); and (7) *Akers v. Davis*, 400 F. App'x 332 (10th Cir. Oct. 28, 2010) (dismissing appeal as frivolous and noting the dismissal counts as a "strike" dismissal under §1915(g)). *Id.* at 3, fn. 2; *see id.*, Dkt. No. 16 at 2. The court stated that it made its evaluation of these cases based on the dismissal orders and docket sheets in them. *Id.*, citing *Andrews*, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted). The Court notes that in his response, Plaintiff did not contest that any of these cases did not count as a strike. *Id.*, Dkt. No. 21 at 4-5.

---

[3] That matter was before Judge Edward W. Chen, who is a named defendant in this action. Because that case was decided and closed long before this action was filed against him and Plaintiff did not challenge that decision on appeal, the Court finds no reason to question the correctness of Judge Chen's ruling in that matter.

3

  Based on these cases, Plaintiff has at least three cases that count as strikes under § 1915(g). The Court notes that Plaintiff has been identified is a prolific filer, having filed more than 150 cases in state and federal courts in 13 states in the past decade. *See Akers v. Sproul, et al.*, Case No. 22-cv-02469-JPG (S.D. Ill. Nov. 10, 2022). He was again recently found to be subject to the three-strikes bar to IFP status in the Southern District of Illinois on November 10, 2022. *Id.*, citing *Akers v. Roal, et al.,* Case No. 11-cv-00622-MJR (S.D. Ill. Feb. 1, 2012) (listing "strikes"). It appears that Plaintiff is seeking new venues to circumvent filing restrictions in the Seventh Circuit. *See, e.g., Akers v. Siereveld*, Case No. 20-cv-1146RB-SCY (D.N.M. Apr. 23, 2021). He may not do so.

  Based on the foregoing, unless he was under imminent danger of serious physical injury at the time he filed this action, his IFP status must be revoked.

  **B.** **"Imminent Danger" Exception**

  The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). The conditions that existed at some earlier or later time are not relevant. *See Andrews II*, 493 F.3d 1047 at 1053 & n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the § 1915(g) analysis). The court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*; *see, e.g., id.* at 1055 (allegation that plaintiff is at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception).

  In this action, Plaintiff is suing both state and federal actors for "collusion and conspiracy" against him. Dkt. No. 1 at 5. Plaintiff names one state actor, Judge Samuel

4

Feng, of the San Francisco County Superior Court, and the following federal defendants: (1) United States District Court Judge Edward W. Chen; (2) Katherine N. Siereveld, special agent for the Federal Bureau of Investigation; (3) Kathy S. Hill, intelligence research specialist for the Federal Bureau of Prisons; and (4) Jamie Conover, intelligence analyst for the U.S. Department of Justice, Counter Terrorism Unit. *Id.* at 3-4. Although not listed as a defendant, Plaintiff identifies another federal employee, Nathan Simpkins, a case manager at USP Marion, who was also involved in the alleged events. *Id.* at 6. Plaintiff is suing these federal defendants under *Bivens* "based upon a collusion and conspiracy to violate the constitutional rights of Plaintiff-Akers to bring and redress his claims in the court that have to do with theft of his property, colluding with federal and state judges, in order to commit crimes in the process." *Id.* More specifically, Plaintiff claims Judge Chen had "unauthorized communications" with Defendant Siereveld between September 13, 2020 and May 27, 2021, and with Defendants Hill and Simpkins. *Id.* at 7. Plaintiff claims Defendant Siereveld supplied Judge Chen and his clerks "with bogus information" consisting of alleged findings and facts and conclusions of law that were allegedly made by United States District Judge Kathryn H. Vratil" in Plaintiff's criminal case (No. 04-20089-KHV-1, *United States v. Montgomery Carl Akers*). *Id.* at 3-4. Plaintiff claims that on or about May, 27, 2021, he became aware of this "collusion and conspiracy" between Defendants Siereveld, Hill, and Simpkins who "agreed and confederated with one another" to contact Judge Chen to "'railroad his case (Akers') in his court.'" *Id.* at 6. Plaintiff claims Defendants Siereveld, Hill, and Simpkins "systematically contacted and colluded" with Defendants Conover and Feng to "insure [*sic*] that Plaintiff-Akers' civil complaints went nowhere." *Id.* These allegations regarding "collusion and conspiracy" occurring sometime in the previous years do not indicate that Plaintiff was facing an imminent danger of serious physical injury when he filed this action on September 28, 2022.

Plaintiff also claims that on or about August 31, 2022, Defendants Simpkins, Hill,

and Conover "hatched a plan to cause the Plaintiff-Akers physical harm for his pursuit of his administrative remedies and court actions around the country involving them." *Id.* Plaintiff claims Defendant Simpkins has been involved in a program with Defendants Hill, Siereveld, Conover, and Does 1-20 "to inflict psychological torture upon prisoners confined to the 'Communication Management Unit.'" *Id.* Plaintiff claims he has "no business being in the Communication Management Unit as he is not a terrorist or has been convicted of any violent or terrorist crimes." *Id.* Plaintiff claims that as "[a]s part of the rendition Simpkins hatched a plan with Defendants Hill [and] Conover, in league with Defendant Chen and Defendant Feng to cause the Plaintiff-Akers to be denied his medication for atrial fibrillation by isolating him in an illegal 'Special Housing Unit'" and to have Plaintiff "attacked in his sleep by inmates who owe Simpkins favors." *Id.* Plaintiff claims Defendant Simpkins has been "making deals" with several "CMU prisoners" to do his "bidding when he calls on them," e.g., to harm unmanageable prisoners. *Id.* Plaintiff claims that he is facing an immediate danger based upon Defendant Simpkin's actions and "his counterpart defendants." *Id.* However, these allegations that Defendants are conspiring to isolate Plaintiff and have him attacked in his sleep by inmates "who owe Simpkins favors" are unsubstantiated and based entirely on Plaintiff's speculation. The vague and conclusory allegation of a possible attack by unidentified inmates are not at all plausible and is not sufficient to establish that Plaintiff was in imminent danger of serious physical harm at the time he filed this action. Accordingly, Plaintiff is not entitled to the exception under § 1915(g).

The Ninth Circuit in *Andrews I*, 398 F.3d at 1120, implicitly allowed the district court to raise the § 1915(g) problem *sua sponte* but required the district court to notify the plaintiff of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the plaintiff an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. The prisoner must be given notice of the potential disqualification under § 1915(g) and plaintiff bears the ultimate burden of persuasion that § 1915(g) does not bar pauper

6

status for him. *Id.* Accordingly, Plaintiff shall be granted an opportunity to show cause why his IFP status should not be revoked under § 1915(g) by showing why any of the prior dismissals discussed above should not count as a strike. *Id.*

## CONCLUSION

For the reasons stated above, the Court orders Plaintiff to file a response **no later than twenty-eight (28) days** from the filing of this order, showing cause why his IFP status should not be revoked pursuant to § 1915(g).

If Plaintiff fails to file a response in the time provided, his IFP status shall be revoked and the full filing fee, or the remaining balance, will be immediately due. If the fee is not paid in due time, this case will be dismissed without prejudice for failure to pay the filing fee without further notice to Plaintiff.

**IT IS SO ORDERED.**

Dated: __March 13, 2023_____

*[signature]*
BETH LABSON FREEMAN
United States District Judge

Order to Show Cause Re IFP
PRO-SE\BLF\CR.22\0555Akers_osc.1915g

7