1

2

3

4

5

6

7

8

9

10

United States District Court
Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTGOMERY CARL AKERS, | Case No. 22-cv-05555 BLF (PR) |
| Plaintiff, | |
| | **ORDER GRANTING MOTION FOR SECOND EXTENSION OF TIME TO RESPOND TO COURT ORDER TO SHOW CAUSE; ADDRESSING PENDING MOTIONS** |
| v. | |
| E. CHEN, et al., | |
| Defendants. | |
| | (Docket Nos. 7, 17, 18, 19) |

Plaintiff, a convicted and sentenced federal prisoner currently confined at the USP Marion in Illinois, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a state court judge and under *Bivens*[1] against a district court judge and several federal employees.  Dkt. No. 1 at 1, 4.  On March 13, 2023, the Court issued an order stating that there was reason to believe that Plaintiff's *in forma pauperis* ("IFP") status should be revoked under 28 U.S.C. § 1915(g) because he has three or more prior lawsuits that were dismissed for failure to state a cognizable claim or as frivolous or malicious. Dkt. No. 12.  The Court also found that the allegations in the complaint were insufficient to establish that Plaintiff was in imminent danger of serious physical harm at the time he

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

filed this action.  *Id.* at 6.  Plaintiff was granted an opportunity to show cause why his IFP status should not be revoked by showing why any of the prior dismissals discussed therein should not count as a strike.  *Id.* at 6-7.  On April 13, 2023, Plaintiff was granted an extension of time to respond to the court order, such that a response was due by May 31, 2023.  Dkt. No. 16.  Plaintiff has filed several motions in response.  Dkt. Nos. 17, 18, 19.

First, Plaintiff moves for an order granting him leave to file his response under seal. Dkt. No. 17.  He asserts that he plans to show that he is entitled to the imminent danger exception under § 1915(g), by filing sworn statements that reflect "current conditions" of those confined within the Communication Management Unit at USP-Marion, where he is currently confined.  *Id.* at 3.  He asserts that if the statements are not filed under seal, he along with the other prisoners will be subject to retaliation.  *Id.* at 4.  To that end, Plaintiff also moves for an order for "immediate contact with private investigator" for the purpose of gathering the sworn statements.  Dkt. No. 18.

The motions are DENIED as unnecessary.  The Court already explained that the plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed *at the time of filing of the complaint.*  Dkt. No. 12 at 4, citing *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasis added).  The conditions that existed at some earlier or later time are not relevant.  *Id.* at 493 F.3d 1047 at 1053 & n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the § 1915(g) analysis).  Therefore, Plaintiff's assertion regarding "current conditions" is not relevant for purposes assessing imminent danger under § 1915(g).  The Court has already determined that Plaintiff's complaint failed to establish imminent danger, and that the only response that will be entertained are challenges to the prior dismissals counting as strikes.  Dkt. No. 12.

Plaintiff requests a second extension of time to file a response, indicating that he is waiting for a ruling on his prior motions.  Dkt. No. 19.  The Court has herein denied those

United States District Court
Northern District of California

United States District Court
Northern District of California

1   motions.  Accordingly, Plaintiff's motion for a second extension of time shall be granted.

2          Early on in this action, Plaintiff filed a motion for status conference and assistance

3   with recruitment of counsel.  Dkt. No. 7.  The motion is DENIED as unnecessary and

4   premature since the issue of Plaintiff's IFP status must first be resolved and does not

5   require a hearing.

6

7                                    **CONCLUSION**

8          For the reasons stated above, the Court rules as follows:

9          1.      Plaintiff's motion for a second extension of time to respond to the Court's

10  Order to Show Cause is **GRANTED**.  Dkt. No. 19.  Plaintiff shall file his response **no**

11  **later than twenty-eight (28) days** from the date this order is filed.  **The response shall be**

12  **limited to challenges to Plaintiff's prior dismissals, as discussed in the Court's Order**

13  **to Show Cause, counting as strikes under § 1915(g).**

14         2.      Plaintiff's motion for a status conference and assistance recruiting counsel,

15  Dkt. No. 7, motion to file his response under seal, Dkt. No. 17, and for an order for contact

16  with his private investigator, Dkt. No. 18, are **DENIED**.

17         This order terminates Docket Nos. 7, 17, 18, and 19.

18         **IT IS SO ORDERED.**

19  **Dated:  __June 21, 2023_____**                    _____
                                                            BETH LABSON FREEMAN
20                                                          United States District Judge

21

22

23

24

25  Order Granting 2nd EOT to file Response; Pending Mots.
    PRO-SE\BLF\CR.22\0555Akers_eot2-osc.1915g
26

27

28                                          3