UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTGOMERY CARL AKERS,<br>        Plaintiff,<br><br>    v.<br><br>E. CHEN, et al.,<br>        Defendants. | Case No. 22-cv-05555 BLF (PR)<br><br>**ORDER GRANTING THIRD AND FINAL EXTENSION OF TIME TO RESPOND TO ORDER TO SHOW CAUSE; DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>(Docket No. 21) |

Plaintiff, a convicted and sentenced federal prisoner currently confined at the USP Marion in Illinois, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a state court judge and under *Bivens*[1] against a district court judge and several federal employees. Dkt. No. 1 at 1, 4. On March 13, 2023, the Court issued an order stating that there was reason to believe that Plaintiff's *in forma pauperis* ("IFP") status should be revoked under 28 U.S.C. § 1915(g) because he has three or more prior lawsuits that were dismissed for failure to state a cognizable claim or as frivolous or malicious. Dkt. No. 12. The Court also found that the allegations in the complaint were insufficient to establish that Plaintiff was in imminent danger of serious physical harm at the time he

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

filed this action. *Id.* at 6. Plaintiff was granted an opportunity to show cause why his IFP status should not be revoked by showing why any of the prior dismissals discussed therein should not count as a strike. *Id.* at 6-7.

On June 21, 2023, the Court denied Plaintiff's motion for a status conference and assistance recruiting counsel as premature, Dkt. No. 7, and also denied his motions to file his response under seal and for contact with his private investigator, Dkt. Nos. 17 and 18, as unnecessary. Dkt. No. 20. Plaintiff was granted a second extension of time to respond to the Court's Order to Show Cause, such that he had until July 19, 2023. *Id.* at 3.

Plaintiff has filed a motion for a third extension of time to file his response. Dkt. No. 21. He first cites to the delay in receiving the court order through the prison mail. *Id.* at 3. Plaintiff also claims that the Court "misapprehended and flagrantly side-stepped and misconstrued the facts that were plead in the… complaint." *Id.* at 4. He also seeks to file a separate motion for reconsideration of the last court order and another motion to "reopen his motions" filed under Docket Nos. 17 and 18. *Id.* He asserts that these proposed orders will require "a sizeable amount of research and clerical work," and therefore seeks an additional 30 days up to August 10, 2023, to file them. *Id.* at 4-5.

The Federal Rules of Civil Procedure do not provide for "Motions for Reconsideration"; such motions are created by local rules or practice. In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. *See* Civil L.R. 7-9(a). Therefore, post-judgment motions for reconsideration are construed as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or motions for relief from judgment or order under Federal Rule of Civil Procedure 60(b). Furthermore, no pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *See* Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory

order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b). These requirements are similar to those under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The Court will construe Plaintiff's motion as one for leave to file a motion for reconsideration and analyze whether he has satisfied any of the requirements under Rule 7-9(b). The only applicable grounds for Plaintiff's motion is subsection (3) - a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b). There was no such failure by the Court. The Court properly considered all of Plaintiff's pleadings and found he failed to establish imminent danger under 28 U.S.C. § 1915(g) at the time of filing. Dkt. No. 12 at 4. The problem with Plaintiff's pleadings was that the allegations regarding "collusion and conspiracy" occurred in the preceding years and did not indicate that Plaintiff was facing an imminent danger of serious physical injury when he filed the action on September 28, 2022. *Id.* at 5. Furthermore, Plaintiff's allegations that Defendants were conspiring to have inmates harm him was unsubstantiated and purely speculative. *Id.* at 6. Accordingly, the Court did not err in finding Plaintiff failed to establish that he was in imminent danger of serious physical harm based solely on vague and conclusory allegations. *Id.* Accordingly, leave to file a motion for reconsideration is DENIED. Neither will the Court

3

entertain any motion to "reopen" Plaintiff's prior motions, i.e., Dkt. Nos. 17 and 18, as there was no error in denying those motions as premature and unnecessary. Dkt. No. 20.

Plaintiff shall be granted one final extension of time to file a response to the Court's Order to Show Cause regarding the revocation of his IFP status under 28 U.S.C. § 1915(g).

## CONCLUSION

For the reasons stated above, the Court rules as follows:

1. Plaintiff's motion for a third extension of time to respond to the Court's Order to Show Cause is **GRANTED**. Dkt. No. 21. Plaintiff shall file his response **no later than August 10, 2023,** as requested. **The response shall be limited to challenges to Plaintiff's prior dismissals, as discussed in the Court's Order to Show Cause, counting as strikes under § 1915(g).** Dkt. No. 12. This being Plaintiff's third request, no further motions for an extension of time shall be granted.

2. Plaintiff's request for leave to file a motion for reconsideration of the last court is **DENIED**. Nor will the Court entertain any motion to "reopen" his prior motions.

This order terminates Docket No. 21.

**IT IS SO ORDERED.**

Dated: ___July 21, 2023_____      _____
                                        BETH LABSON FREEMAN
                                        United States District Judge

Order Granting 3rd and Final EOT to file Response
PRO-SE\BLF\CR.22\0555Akers_eot3-osc.1915g