UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONTGOMERY CARL AKERS,

    Plaintiff,

v.

EDWARD CHEN, et al.,

    Defendants.

Case No. 22-cv-05555-BLF (PR)

ORDER REVOKING IN FORMA PAUPERIS STATUS AND DIRECTING PLAINTIFF TO PAY FILING FEE IN FULL

    Plaintiff is a state prisoner proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983 against a state court judge and under *Bivens*[1] against a district court judge and several federal employees. On November 10, 2022, Magistrate Judge Virginia K. DeMarchi granted plaintiff's application to proceed *in forma pauperis* and ordered the case reassigned after determining that at least one claim against some or all defendants was subject to dismissal. Dkt Nos. 8-9. Following reassignment, this Court *sua sponte* issued an order finding plaintiff to be a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g) and further finding that the allegations in the complaint did not suggest that he was under imminent danger of serious physical injury when he filed suit. Dkt No. 12. Accordingly, plaintiff was ordered to show cause why his *in forma pauperis* status should not be revoked. *Id.* Plaintiff has since filed a response. Dkt No. 23.

    Plaintiff does not dispute that he suffered three strikes prior to initiating this action. Dkt No. 23. Instead, he argues that the Court has "no legitimate reason" to *sua sponte* reconsider his *in forma pauperis* status and that the Court "misapprehended the nature of the case" when it found that the complaint's allegations are insufficient to show imminent danger.

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff first contends that this Court had "no legitimate reason" to reconsider his application to proceed *in forma pauperis* because Magistrate Judge DeMarchi already "found that the Complaint did satisfy the component of the [imminent danger clause] under 28 U.S.C. [§] 1915" when she approved the application. *Id.* at 2. In fact, Judge DeMarchi made no such finding; she stated only that "Plaintiff Montgomery Carl Aker's [*sic*] motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 is granted." Dkt No. 8. Whether plaintiff satisfies the imminent danger exception of 28 U.S.C. § 1915(g) is therefore a matter of first impression. Moreover, as plaintiff was informed in the Order to Show Cause, the Ninth Circuit has implicitly permitted district courts to raise the § 1915(g) problem *sua sponte*. Dkt No. 12 at 6; *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Additionally, because § 1915(g) does not constitute an affirmative defense, the district court is not required to wait for defendant to file a motion to revoke.[2]

As for whether he meets the imminent danger exception, plaintiff argues simply that he adequately plead facts that he has been subjected to physical and psychological torture since his arrival in the Federal Bureau of Prison's "Communications Management Unit" in November 2010. But as this Court found in the Order to Show Cause, "these allegations that Defendants are conspiring to isolate Plaintiff and have him attacked in his sleep by inmates 'who owe Simpkins favors' are unsubstantiated and based entirely on Plaintiff's speculation. The vague and conclusory allegation of a possible attack by unidentified inmates are not at all plausible and is not sufficient to establish that Plaintiff was in imminent danger of serious physical harm at the time he filed this action." Dkt No. 12 at 6. Plaintiff's mere disagreement with this finding is insufficient to show that he meets the imminent danger exception.

Accordingly, the Court hereby revokes plaintiff's *in forma pauperis* status for the reasons stated in the March 13, 2023 Order to Show Cause. Plaintiff is directed to pay the $402 filing fee

---

[2] In making this argument, plaintiff lodges several accusations against this Court. For example, he accuses the undersigned of revoking his *in forma pauperis* status "with the intent to perpetrate fraud upon her own court in order to affect the judicial machinery of this case." Dkt No. 23 at 3. He also claims that this Court has colluded with other judges, was improperly influenced by the Federal Bureau of Prison's Counterterrorism Unit, and has fabricated facts. *Id.* at 3, 7-8. These ad hominem attacks are baseless and will be ignored.

in full within fourteen days from the date of this order.  Failure to do so will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: August 10, 2023

_____
BETH L. FREEMAN
United States District Judge